IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON, <br>                  Plaintiff, <br> vs. <br> DEPARTMENT OF CORRECTIONS; <br> BOARD OF PROBATION AND PAROLE; <br> JEREMY STEWART, Supervisor, Probation <br> and Parole Department; Mr. SHAFFER, <br> Probation and Parole Department; S.C.I. <br> CAMBRIDGE SPRINGS ADMINISTRA- <br> TION; Ms. SITTIG, Unit Manager of S.C.I. <br> Cambridge Springs; Mr. DOUGLAS, Hear- <br> ing Examiner – Pittsburgh Probation and <br> Parole; HEATHER HILDENBRANDT, <br> Probation and Parole Office; <br>                  Defendants. | Civil Action No. 15-1085 <br><br> Judge Arthur J. Schwab/ <br> Chief Magistrate Judge Maureen P. Kelly <br><br><br><br> Re: ECF No. 1 |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF No. 1, be denied.

**II. REPORT**

Lynne Thompson,[1] ("Plaintiff") is a prisoner who previously filed several lawsuits, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a

---

[1] The Court takes judicial notice of the fact that Lynne Thompson is also known as "Lynne Lamar" and "Lynne L. Thompson" and "Lynne Lamar Thompson."

    http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx

(site last visited 8/19/2015). See also Lynne Lamar Thompson v. Plum Boro Administration, No. 07-CV-26 (W.D. Pa. ECF No. 2 (Report recommending denial of IFP status to "Lynne Lamar Thompson" and relying on cases filed by "Lynne Lamar").

consequence, she has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

This Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the United States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[2] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[3] Plaintiff's three strikes are as follows: 1) Lamar v. Onyundo, No. 95-CV-568 (W.D. Pa., ECF No. 4 (Report & Recommendation recommending dismissal of case as frivolous), and ECF No. 5

---

[2] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

(Memorandum Order adopting Report & Recommendation)); 2) Lamar v. McDaniels No. 95-CV-640 (W.D. Pa., ECF No. 8 (Report & Recommendation recommending dismissal of case as frivolous), and ECF No. 5 (Memorandum Order adopting Report & Recommendation));  and 3) Lamar v. Commonwealth of Pennsylvania and Judge McDaniel, No. 97-CV-1566 (W.D. Pa., ECF No. 16 (Report & Recommendation recommending grant of motions to dismiss for failure to state a claim), and ECF No. 17 (Memorandum Order adopting Report & Recommendation)). In fact, Plaintiff has more than three strikes.  See also  Lamar v. Packard, No. 01-CV-1333 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) for failure to state a claim); Lamar v. Attorney-at-law Robert Marcus, No. 02-CV-225 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) as frivolous). Moreover, the United States Court of Appeals for the Third Circuit has found that Plaintiff has three strikes against her.  See, e.g.,  Thompson v. Plum Boro Admin., No. 07-2278 (3d Cir.). Accordingly, because Plaintiff has at least three strikes, she may not proceed IFP.  Furthermore, it is noted that Plaintiff has not alleged anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

      Plaintiff, aware of the fact that she has acquired three strikes, usually attempts to make a showing in her proposed Complaints that she is in imminent danger and thereby qualifies for IFP status even though she has three strikes.  Plaintiff's proposed Complaint in this case is no different.  Plaintiff alleges in conclusory fashion that "[i]mminent harm has been done by the fact that the report and recommendation from Mr. Douglas the hearing examining was in violation of 'the right to know' with a conspiracy formed for protection of not and being denied the right to see a copy of this report violated constitutional rights with this conspiracy where abuse of authority has created harm." ECF No. 1-1 ¶ 9.  Plaintiff also alleges in conclusory fashion that

"[i]legal restraint harm by being incarcerated to which caused cruel and unusual punishment…." Id. ¶ 8.

The Complaint fails to allege any danger of physical injury, yet alone, danger of physical injury that is imminent or how any of the defendants are the cause of any potential such danger.

Because Plaintiff herein has failed to allege anything that would permit her to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: September 9, 2015

cc: The Honorable Arthur J. Schwab
United States District Judge

LYNNE THOMPSON
OT 0636
SCI Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16403-1238