# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON, | ) |
| | ) Civil Action No. 15-1085 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Judge Arthur J. Schwab/ |
| DEPARTMENT OF CORRECTIONS; | ) Chief Magistrate Judge Maureen P. Kelly |
| BOARD OF PROBATION AND PAROLE; | ) |
| JEREMY STEWART, Supervisor, Probation | ) |
| and Parole Department; Mr. SHAFFER, | ) |
| Probation and Parole Department; S.C.I. | ) |
| CAMBRIDGE SPRINGS ADMINISTRA- | ) |
| TION; Ms. SITTIG, Unit Manager of S.C.I. | ) |
| Cambridge Springs; Mr. DOUGLAS, Hear- | ) |
| ing Examiner – Pittsburgh Probation and | ) |
| Parole; HEATHER HILDENBRANDT, | ) |
| Probation and Parole Office; | ) Re: ECF No. 4 |
| | ) |
| Defendants. | ) |

## ORDER

Lynne Thompson ("Plaintiff") has filed a Motion for Reconsideration, ECF No. 4, of our order denying her IFP Motion and directing her to pay the full filing fee by October 15, 2015. The only assertion in the Motion for Reconsideration which Plaintiff makes that she was under imminent danger of serious physical injury was a claim that she was denied life sustaining drugs and given a pill that she was allergic to. ECF No. 4 at 3 – 4. She claims that the "Defendants were made aware of what was happening with the Medical Department of the Allegheny County Jail" ("the ACJ"). Id. at 4. Her allegation of such occurrences obviously concerned actions or inactions taken while she was housed at the ACJ. We note that at the time of the initiation of this suit, i.e., August 18, 2015, Plaintiff was already placed in SCI-Cambridge Springs. ECF No. 1-4 (envelope in which her IFP and Complaint were sent with a return address of SCI-Cambridge Springs). Accordingly, at the time she initiated this suit, even if we assume that the allegations

concerning her being denied medication at the ACJ satisfied the alleged "imminent danger" requirement, such danger was already past given that she was housed at SCI-Cambridge Springs and, as such, does not qualify her for the exception to the Three Strikes rule. <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 37, 313 (3d Cir. 2001) ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'").

We note that Plaintiff asks "with this 'three strike rule' is there going to be '<u>penalized</u>' forever of the granting of In Forma Pauperis." ECF No. 4 at 6. The answer is yes so long as she is a prisoner and seeks IFP status and is not in imminent risk of serious physical injury.

The Request for Joinder with Civil Action No. 15-619 is DENIED.

Accordingly, the Motion for Reconsideration is DENIED.

IT IS FURTHER ORDERED that this case shall be MARKED CLOSED for Plaintiff's failure to pay the entire filing fee by October 15, 2015 as previously ordered. ECF No. 3.

/s/Arthur J. Schwab  
ARTHUR J. SCHWAB  
UNITED STATES DISTRICT JUDGE

Date: October 16, 2015

cc: The Honorable Maureen P. Kelly  
Chief United States Magistrate Judge

LYNNE THOMPSON  
OT 0636  
SCI Cambridge Springs  
451 Fullerton Avenue  
Cambridge Springs, PA 16403-1238